**SULAIMAN LAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN D. MACARTHUR,<br><br>Plaintiff,<br><br>v.<br><br>OLLO CARD SERVICES d/b/a THE BANK OF MISSOURI, EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendants. | Case No. 8:22-cv-01966<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681** *et seq.*<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Kevin D. MaCarthur ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of Ollo Card Services, doing business as, The Bank of Missouri ("Ollo"), Equifax Information Services, LLC ("Equifax"), TransUnion LLC ("TransUnion"), and Experian Information Solutions, Inc. (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*., and Ollo Card Services' violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

1

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**PARTIES**

5. Plaintiff Kevin MaCarthur is a consumer and natural person over 18 years of age who, at all times relevant, resided in the Central District of California.

6. Ollo Card Services ("Ollo") is a company engaged in the business of offering consumer lending credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers in the State of California.

7. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

8. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California. TransUnion's registered agent is located at 251 Little Falls Drive, Wilmington, Delaware.

9. Experian is a consumer reporting agency that maintains credit information on millions of consumers and U.S. businesses. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California.

**FACTS SUPPORTING CAUSE OF ACTION**

10. In September 2021, Plaintiff and Midland Credit Management ("MCM") reached an agreement for a Bank of Missouri debt, serviced by Defendant Ollo, in the amount of $1,526.31 ("alleged debt").

11. Per the agreement, the alleged debt was waived and released by Midland Credit and Plaintiff was no longer obligated to pay the alleged debt.

12. Despite waiving and releasing the alleged debt as agreed, Defendant Ollo continued to report the alleged debt on his Equifax, TransUnion, and Experian consumer credit reports as "collection/charge-off."

13. Consequently, on July 8, 2022, Plaintiff initiated written credit disputes with Equifax, TransUnion, and Experian. Plaintiff informed Equifax, TransUnion and Experian that: "This account was settled and all balances and past due amounts should be reporting as 'zero.'" Moreover, Plaintiff's dispute also requested that the "status [of Charge Off] should be corrected."

14. Plaintiff's dispute letter specifically requested Equifax, TransUnion and Experian to: "investigate this account and contact Ollo directly to correct their inaccurate reporting."

15. Upon information and belief, Ollo received notice of Plaintiff's July 8, 2022 dispute within five days of Plaintiff initiating the dispute with Equifax, TransUnion, and Experian. *See* 15 U.S. Code §1681i(a)(2).

16. By July 22, 2022, TransUnion and Experian failed to reasonably investigate Plaintiff's credit dispute. In spite of the fact that the alleged debt was waived, and despite having actual knowledge that Plaintiff had reached an agreement with MCM, Ollo continued to report the alleged debt as charged off.

17. On July 22, 2022, Equifax responded to Plaintiff's dispute regarding the alleged debt. However, Equifax similarly failed to reasonably investigate Plaintiff's credit disputes as it continued to report the alleged account as "collection/charge-off."

18. The reporting of the Ollo trade line is patently inaccurate and materially misleading because despite the agreement between Plaintiff and MCM, Ollo continued to report the alleged debt as charged off despite knowing that the alleged debt was waived by MCM.

19. Despite having actual knowledge that Plaintiff had reached an agreement with MCM, Ollo continued to report the subject account as charged off despite knowing that the alleged debt was waived by MCM.

20. Any reasonable investigation engaged by Defendants would and should have revealed the materially misleading nature of the information on Plaintiff's consumer credit reports.

21. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared his creditworthiness was in jeopardy.

22. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

23. The erroneous reporting of the alleged debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor his financial obligations, and is thus a high-risk consumer.

24. Due to Defendants' materially misleading reporting of the alleged debt, Plaintiff was forced to purchase a credit report and credit monitoring service, thus incurring out of pocket expenses.

25. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

26. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the purchase of his credit reports, decreased credit score, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

27. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his Equifax, TransUnion, and Experian credit files.

**COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
(AGAINST OLLO)

28. Plaintiff restates and reallages paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

30. Ollo is a "person" as defined by 15 U.S.C. §1681a(b).

31. Ollo is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

32. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

33. Ollo violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, TransUnion, Experian and Plaintiff.

34. Ollo violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax, TransUnion, Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

35. Had Ollo reviewed the information provided by Equifax, TransUnion, Experian and Plaintiff, it would have corrected the inaccurate designation of the subject account, and transmitted the correct information to TransUnion, Equifax and Experian. Instead, Ollo wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

36. Ollo violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax, TransUnion, and Experian.

37. Ollo violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax, TransUnion and Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

38. Ollo violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax, TransUnion and Experian credit files.

39. Ollo failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Equifax, TransUnion and Experian credit files within 30 days of receiving notice of the disputes from Equifax, TransUnion and Experian under 15 U.S.C. §1681i(a)(1).

40. Despite the blatantly obvious errors in Plaintiff's Equifax, TransUnion and Experian credit files, and Plaintiff's efforts to correct the errors, Ollo did not correct the errors or trade line to report accurately. Instead, Ollo wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

41. A reasonable investigation by Ollo would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax, TransUnion, and Experian credit files.

42. Had Ollo taken steps to investigate Plaintiff's valid disputes or Equifax's, TransUnion's and Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

43. By deviating from the standards established by the debt collection industry and the FCRA, Ollo acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax, TransUnion and Experian.

**WHEREFORE**, Plaintiff, KEVIN D. MACARTHUR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Discover to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

44. Plaintiff restate and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

46. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

47. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

48. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

49. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

50. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

51. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

52. Plaintiff provided Equifax with all relevant information in his request for investigation to reflect that he is no longer liable for the subject account.

53. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by not only inaccurately reporting the subject account as "collection/charge-off."

54. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff.

55. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

56. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide proper notification of Plaintiff's dispute to Ollo. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Ollo regarding Plaintiff's dispute that Equifax received from Plaintiff.

57. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

58. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

59. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Ollo that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

60. Equifax knew that the inaccurate reporting of the subject account in Plaintiff's credit files would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

61. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

62. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

63. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

64. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

65. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

66. Equifax acted reprehensively and carelessly by reporting and re-reporting the subject account after Plaintiff put Equifax on notice that the subject account was to be deleted.

67. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

68. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff, KEVIN D. MACARTHUR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

   c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

   d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

   e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION)

69. Plaintiff restates and realleges paragraphs 1 through 68 as though fully set forth herein.

70. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

71. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

72. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

73. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

74. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

75. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

76. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

77. Plaintiff provided TransUnion with all relevant information in his request for investigation to reflect that he had no obligation on the subject account and that the subject account should be deleted.

11

78. TransUnion prepared Plaintiff's credit reports containing inaccurate and materially misleading information by not only reporting the subject account, but also reporting the Payment Status as "collection/charge-off."

79. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer reports concerning Plaintiff.

80. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

81. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Ollo. Upon information and belief, TransUnion also failed to include all relevant information as part of the notice to Ollo regarding Plaintiff's dispute that TransUnion received from Plaintiff.

82. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

83. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

84. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Ollo that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

85. TransUnion knew that the inaccurate reporting of the subject account would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

86. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

87. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

88. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

89. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

90. TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

91. TransUnion acted reprehensively and carelessly by reporting and re-reporting the subject account after Plaintiff put TransUnion on notice that the subject account was deleted.

92. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

93. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff, KEVIN D. MACARTHUR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT IV - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

94. Plaintiff restate and realleges paragraphs 1 through 93 as though fully set forth herein.

95. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

96. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

97. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

98. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

99. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

100. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

101. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

102. Plaintiff provided Experian with all relevant information in his request for investigation to reflect that he had no obligation on the subject account and that the subject account should be deleted.

103. Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by not only reporting the subject account, but also reporting the Payment Status as "collection/charge-off."

104. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

105. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

106. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Ollo. Upon information and belief, Experian also failed to include all relevant information as part of the notice to Ollo regarding Plaintiff's dispute that Experian received from Plaintiff.

107. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

108. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

109. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Ollo that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

110. Experian knew that the inaccurate reporting of the subject account would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

111. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

112. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

113. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

114. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

115. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

116. Experian acted reprehensively and carelessly by reporting and re-reporting the subject account after Plaintiff put Experian on notice that the subject account was to be deleted.

117. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

118. As stated above, Plaintiff was severely harmed by Experian's conduct.

**WHEREFORE**, Plaintiff, KEVIN D. MACARTHUR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT V – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT
### (AGAINST OLLO)

119. Plaintiff restates and realleges paragraphs 1 through 118 as though fully set forth herein.

120. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

121. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

122. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### i. Violations of RFDCPA § 1788.13(f)

123. The RFDCPA, pursuant to Cal. Civ. Code § 177.13(f) states that "No debt collector shall collect or attempt to collect a consumer debt by means of the following practices: (f) the false representation that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency."

124. As outlined above, Defendant engaged in the misrepresentation of information concerning the debtor's subject account when Defendant failed to report Plaintiff's updated subject debt status to consumer reporting agency.

125. Moreover, Defendant violated § 1692e(8) of the Fair Debt Collection Practices Act for knowingly communicating false and inaccurate information to the credit bureaus, including the failure to notate it as disputed. Despite having actual knowledge that Plaintiff had reached an agreement with MCM, Ollo continued to report the alleged debt as charged off despite knowing that the alleged debt was waived by MCM.

126. Moreover, Defendant failed to communicate to the credit reporting agencies that the misleading notation of charge off was to be removed from Plaintiff's credit file. Plaintiff and MCM had reached an agreement in regards to the alleged debt. This false reorientation dwindled Plaintiff's credit worthiness and rendered him a high risk consumer.

### ii. Violations of RFDCPA §1788.17

127. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

128. As outlined above, through its conduct in attempting to collection upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e, e(2), e(8), and e(10) of the FDCPA.

Therefore, Defendant engaged in noncompliant conduct in its reporting of the alleged debt, in violation of the RFDCPA.

129.  Defendant willfully and knowingly violated the RFDCPA through its unlawful reporting of the alleged debt. Ollo's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

130.  As alleged above, Plaintiff was harmed by Ollo's misrepresentations in connection with the collection of the alleged debt.

**WHEREFORE**, Plaintiff, KEVIN D. MACARTHUR, respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
   c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
   d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
   e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: October 26, 2022

Respectfully submitted,

By: */s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Atlas Consumer Law
2500 S. Highland Avenue, Suite 200
Lombard, Illinois
Telephone: 331-307-7646
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlawgroup.com